KING, P.J.,
for the court.
¶ 1. Akeem Rasheed was convicted in the Lowndes County Circuit Court of grand larceny. Rasheed appeals his conviction raising one issue. That issue is whether the State proved the value of the stolen property to be $250 or greater, and thus, supported a conviction for grand larceny.
FACTS
¶2. While on duty on September 21, 1999, about 2:30 a.m., Deputy Clyde Kemp of the Lowndes County Sheriffs Department saw a van pulling a trailer of wooden pallets. Some of the wooden pallets fell off of the trailer. Deputy Kemp pulled over his patrol car to assist the two men in retrieving the fallen wooden pallets. The *465 men would later be identified as Michael Smith and the appellant, Akeem Rasheed. Deputy Kemp’s help was refused. Deputy Kemp questioned the men about where the wooden pallets came from and whether there was a purchase receipt for the property. Deputy Kemp asked Rasheed whether the wooden pallets were stolen. Rasheed responded that the wooden pallets were stolen. At that time, Deputy Kemp placed Rasheed and Smith under arrest for stolen property.
¶3. At trial, the jury found Rasheed guilty of grand larceny. Rasheed was sentenced to five years’ imprisonment.
ANALYSIS
Whether the State established that the sixty wooden pallets were valued at $250, the threshold for grand larceny.
¶ 4. Rasheed argues that the State failed to prove beyond a reasonable doubt that the property stolen by him was worth $250 or greater as provided for by statute.[1] Rasheed admits to the theft of the sixty wooden pallets. Indeed, Rasheed gave a statement to Officer Joe Young. In the signed statement, Rasheed stated that he had taken about sixty-one wooden pallets that were beside Universal Bottling’s loading dock. Rasheed and his cousin, Michael Smith, loaded the wooden pallets onto the cousin’s trailer, which was pulled by Rash-eed’s van.
¶ 5. It is Rasheed’s defense that the State failed to prove that the stolen property was valued at $250 or greater, and therefore, he is only guilty of petit larceny. Rasheed argues that there is an absence of proof as to the market value of the wooden pallets on the day of the larceny and no evidence of the condition of the sixty wooden pallets.
¶ 6. The State bears the burden of proof of the value of property when the value is an element of the crime. Henley v. State, 729 So.2d 232, 238(¶25) (Miss.1998). Testifying as to the value of the sixty wooden pallets was Universal Bottling’s office manager, Henri Jane Dyson. Ms. Dyson had been office manger for Universal Bottling for more than seventeen years. Her duties included purchasing supplies and equipment for Universal Bottling. Ms. Dyson stated that on September 8, 1999, Universal Bottling received its purchase of 233 wooden pallets. Submitted into evidence without an objection was a copy of the invoice. The invoice notes the price of the 233 wooden pallets at $8.50 each. Ms. Dyson testified that a picture, introduced into evidence, was of a picture of the recently purchased wooden pallets.
¶ 7. On cross-examination, Ms. Dyson stated that there could be more than 500 wooden pallets at Universal Bottling at one time depending on the time of the year. She admitted that the pallets in the picture could not be identified with certainty as a part of the shipment of September 8, 1999. Nonetheless, Ms. Dyson again stated that the sixty wooden pallets were very likely part of the shipment of September 8,1999.
¶ 8. On redirect, Dyson stated that the review of her purchase records showed that she had purchased wooden pallets for as low as $7.89 during the course of the company’s business.
*466 ¶ 9. The jury was instructed as to both grand and petit larceny. As trier of fact, the jury found credible the testimony of Ms. Dyson as to Universal Bottling’s cost of the pallets. That testimony was sufficient to support a verdict of conviction of grand larceny.
¶10. THE JUDGMENT OF THE CIRCUIT COURT OF LOWNDES COUNTY OF CONVICTION OF GRAND LARCENY AND SENTENCE OF FIVE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AND FINE OF $1,000 IS HEREBY AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LOWNDES COUNTY.
McMILLIN, C.J., SOUTHWICK, P.J., BRIDGES, THOMAS, LEE, IRVING, MYERS, CHANDLER AND BRANTLEY, JJ., CONCUR.

. (l)(a) Every person who shall be convicted of taking and carrying away, feloniously, the personal property of another, of the value of Two Hundred Fifty Dollars ($250.00) or more, shall be guilty of grand larceny, and shall be imprisoned in the penitentiary for a term not exceeding five (5) years; or shall be fined not more than One Thousand Dollars ($1,000.00), or both. Miss.Code Ann. § 97-17-41 (Rev.2000).